IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JAN 11 A 10:40

CLERK_____
SO. DIST. OF GA.

CARLTON D. BRYE,

    Petitioner,

vs.       CIVIL ACTION NO.: CV212-144

ANTHONY HAYNES, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Carlton Brye ("Brye"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus, as supplemented, pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Brye's petition should be **GRANTED**.

## STATEMENT OF THE FACTS

Brye was convicted, after a jury trial, in the Middle District of Florida, of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and of being an armed career criminal, in violation of 18 U.S.C. § 924(e), or the Armed Career Criminal Act ("ACCA"). Based on these convictions, Brye faced a sentence of 235 to 293 months' imprisonment. The Honorable Richard A. Lazzara sentenced Brye to 265 months' imprisonment. The Eleventh Circuit Court of Appeals affirmed Brye's sentence and conviction. United States v. Brye, 318 F. App'x 878 (11th Cir. 2009).

AO 72A
(Rev. 8/82)

Brye filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and asserted that his counsel was ineffective for not objecting to the argument that Brye should receive a harsher sentence based on the fact that he exercised his right to a jury trial. The Middle District of Florida court dismissed Brye's motion, finding that he could not show any prejudice based on counsel's failure to object to this argument. (Doc. No. 12-5).

In this petition, Brye asserts that he is actually innocent of his § 924(e) enhancement, as at least two (2) of his prior convictions— for carrying a concealed firearm under Florida law— are not "violent felonies" pursuant to section 924(e). Brye also asserts that one of his drug offenses is not a "serious drug offense" under the ACCA.[1] In support of his position, Brye cites Begay v. United States, 553 U.S. 137 (2008), and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008).

Respondent concedes that Brye is entitled to relief under the savings clause of 28 U.S.C. § 2255 because his sentence exceeded the authorized statutory maximum sentence, resulting in a fundamental defect in sentencing. Respondent also concedes that Brye is entitled to relief pursuant to § 2241 and should be transferred to the district of his conviction for sentencing purposes. Respondent states that any procedural default which may ordinarily bar Brye's assertions is waived. (Doc. No. 12, pp. 10-11).

---

[1] A "serious drug offense" is defined as an offense under State law "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii). Brye's conviction for possession with intent to sell of deliver cannabis under Florida law carried a sentence of less than 10 years' imprisonment, and thus, falls outside of the ACCA. FLA. STAT. §§ 893.13(1)(a)(2), 893.03(1)(c), and 775.082

2

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

AO 72A
(Rev. 8/82)

In its *en banc* decision in Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011), the Eleventh Circuit majority determined "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."[2] 640 F.3d at 1312. "[F]or claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review." Id. at 1312. "[T]he savings clause does not apply to sentencing claims . . . where the sentence imposed was within the statutory maximum." Id. at 1315. By extension, then, the savings clause does apply to claims where the sentence imposed exceeds the statutory maximum.

In Begay, the Supreme Court analyzed whether a conviction in New Mexico for driving under the influence is a violent felony within the meaning of clause (ii) of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii).[3] The Court held that "New Mexico's crime of 'driving under the influence' falls outside the scope of the Armed Career Criminal Act's clause (ii) 'violent felony' definition." Begay, 553 U.S. at 148. In determining whether a crime is a violent felony for purposes of the Armed Career Criminal Act, the Supreme Court "consider[ed] the offense generically, . . . [to] examine

---

[2] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

[3] "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]"

AO 72A
(Rev. 8/82)

it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Id. at 141.

The Eleventh Circuit has had the occasion to determine whether Begay and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008),[4] are retroactively applicable to cases on collateral review, i.e., not on direct appeal. In United States v. Coley, 336 F. App'x 933 (11th Cir. 2009), the petitioner challenged his 2003 career- offender status under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1. The Eleventh Circuit approved of the trial court's characterization of the petitioner's *pro se* "Motion Pursuant to the Law of the Case Doctrine" as a section 2255 motion to set aside the petitioner's sentence. 336 F. App'x 935. The district court granted the petitioner's certificate of appealability, which presented "the legal question" of "whether the Supreme Court's decision in Begay and our circuit's application of Begay in Archer, can apply retroactively during § 2255 proceedings." Id.. The Eleventh Circuit determined that the petitioner's "status as a career offender is a non-constitutional issue that [he] could have raised on direct appeal" and that his claim "is not cognizable on collateral review under § 2255." Id. at 935-36. The Eleventh Circuit, in making this determination, noted that section 2255 cannot "do service for an appeal" because "'a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment . . . unless the error (1) could not have been raised on direct appeal *and* (2) would, if condoned, result in a complete miscarriage of justice.'" Id. at 935-36

---

[4] In Archer, the Eleventh Circuit concluded that the crime of carrying a concealed weapon under Florida law could no longer be considered a crime of violence under the United States Sentencing Guidelines, which tracks the language of "violent felony" found in clause (ii) of the Armed Career Criminal Act, in light of the Begay decision. Archer, 531 F.3d at 1352. Accordingly, Brye's two (2) convictions under Florida law for carrying a concealed weapon are not violent felonies under the ACCA. (Doc. No. 12-1, p. 1).

5

(quoting Lynn v. United States, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (emphasis in original).

Brye's assertions could not have been raised on direct appeal. In addition, and based on Respondent's concessions that Brye's no longer qualifies as a career offender for sentencing purposes, a complete miscarriage of justice would result if Brye were not allowed to proceed in this petition. Thus, Brye is entitled to relief pursuant to 28 U.S.C. § 2241.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Brye's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **GRANTED**. It is also my **RECOMMENDATION** that Brye be transported to the Middle District of Florida, Tampa Division, for resentencing purposes.

**SO REPORTED** and **RECOMMENDED**, this 11th day of January 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)